**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| In re: ) | Case No. 23-10201-BFK |
| Eric Jensen, ) | Chapter 7 |
| Debtor. ) |  |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND
SETTLEMENT OF TRUSTEE'S AVOIDANCE CLAIMS AGAINST DENA JENSEN**

Janet M. Meiburger ("Meiburger" or "Plaintiff"), the duly appointed Chapter 7 Trustee for Eric Jensen (the "Debtor"), by and through the undersigned counsel, pursuant to Fed. R. Bankr. P. 9019, respectfully requests the entry of an order approving the Trustee's compromise and settlement with respect to certain pre-petition avoidance claims asserted in an adversary proceeding commenced against Dena Jensen ("Mrs. Jensen"), the Debtor's wife, as more particularly described below, and in support thereof state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

**Background**

2. On February 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. The Trustee was appointed on or about February 9, 2023 (Docket No. 5).

3. On October 11, 2024, the Trustee filed a *Complaint* against Mrs. Jensen commencing that certain adversary proceeding captioned *Meiburger v. Dena Jensen*, Adv. Proc. No. 24-01055-BFK (the "Adversary Proceeding"), asserting avoidance claims in the amount of $92,927.81 (the "Avoidance

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for Janet M. Meiburger, Trustee

Claims") against Mrs. Jensen under the provisions of 11 U.S.C. §§548(a) and 550(a)(1) arising from a series of pre-Petition Date deposits of the Debtor's earnings into certain Apple Federal Credit Union accounts owned jointly by the Debtor and Mrs. Jensen. In turn, Mrs. Jensen timely filed an answer in the Adversary Proceeding and asserted affirmative defenses to the Avoidance Claims.

4. Following arms' length negotiations, the Trustee has reached an agreement with Mrs. Jensen to settle the Avoidance Claims asserted in the Adversary Proceeding, as evidenced by a *Settlement Agreement* which is attached and incorporated herein as Exhibit A (the "Agreement"). Under the terms of the settlement, Mrs. Jensen will pay the Trustee the sum of $55,000 (the "Settlement Payment") in full satisfaction of the Avoidance Claims. The Agreement is not intended as an admission of liability by Mrs. Jensen. In exchange for the Settlement Payment, the Trustee has agreed to dismiss the Adversary Proceeding with prejudice and release Mrs. Jensen of all claims arising in connection with the Avoidance Claims asserted in the Adversary Proceeding.

## **Argument**

5. The legal standard for determining the propriety of a bankruptcy settlement is whether the proposed settlement is fair and equitable. "[T]he court is to consider the probability of the trustee's success in any ensuing litigation, any collection difficulties, the complexity, time and expense of the litigation, and the interests of creditors with proper deference to their reasonable views." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995). *See also Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 1163 (1968) (Court's responsibility is to "canvas the issues to see whether the settlement 'falls below the lower point in the range of reasonableness.'").

6. In this case, the proposed settlement is fair and reasonable and falls well within the range of reasonable settlements for these types of matters. Indeed, the proposed settlement eliminates any uncertainty associated with the merits of the Avoidance Claims, avoids further litigation expense, obviates collection costs and delays, and provides certainty regarding the recovery of funds for the benefit

of the bankruptcy estate. As such, the Trustee believes that the settlement is in the best interests of the estate.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court (i) enter the attached Order approving the terms of the proposed compromise and settlement with Mrs. Jensen regarding the Avoidance Claims, and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  February 13, 2025	Respectfully Submitted,

/s/ Robert M. Marino
Robert M. Marino, Esq.  VSB#26076
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Phone: 703-979-2676 (Direct)
Fax: 703-684-5109
Email: rmmarino@rpb-law.com
Counsel for Janet M. Meiburger, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of February, 2025 caused a copy of the foregoing *Motion*, with proposed Order, to be served electronically through the ECF system upon all parties designated to receive notice in this case. Additionally, a copy of the *Motion* has been served by email to the following persons:

Daniel M. Press, Esq.
Chung & Press, P.C.
Counsel for Defendant Dena Jensen
Email:  dpress@chung-press.com

/s/ Robert M. Marino
Robert M. Marino