# EXHIBIT A

## SETTLEMENT AGREEMENT

This *Settlement Agreement* (hereafter "Agreement") is made this 13th day of February, 2025, by and between **Janet M. Meiburger** ("Trustee"), in her capacity as chapter 7 trustee for the bankruptcy estate of Eric Jensen (the "Debtor"), and **Dena Jensen** ("Mrs. Jensen"), an individual resident of the Commonwealth of Virginia and the Debtor's wife. The Trustee and Mrs. Jensen are referred to herein individually as a "Party," and collectively as the "Parties."

WHEREAS, on February 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing Case No. 23-10201-BFK in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court");

WHEREAS, on October 11, 2024, the Trustee filed a Complaint against Mrs. Jensen in the Bankruptcy Case commencing an adversary proceeding captioned *Meiburger v. Dena Jensen*, Adv. Proc. No. 24-01025-BFK (the "Adversary Proceeding"), asserting avoidance claims in the amount of $92,927.81 (the "Avoidance Claims") against Mrs. Jensen under the provisions of 11 U.S.C. §§548(a) and 550(a)(1) arising from a series of pre-Petition Date deposits of the Debtor's earnings into certain Apple Federal Credit Union accounts owned jointly by the Debtor and Mrs. Jensen; and

WHEREAS, on November 14, 2024, Mrs. Jensen timely filed an *Answer and Jury Demand* in the Adversary Proceeding, asserting affirmative defenses with respect to the Trustee's claims; and

WHEREAS, after arm's length negotiations and to avoid the risk, delay and expense of further litigation of the Adversary Proceeding, the Parties have reached an agreement to resolve their disputes and settle the claims asserted in the Adversary Proceeding with respect to the Avoidance Claims, subject to Bankruptcy Court approval; and

NOW THEREFORE in consideration of the foregoing and the mutual promises set forth herein, the Parties hereby agree as follows:

1. <u>Settlement Payment</u>. Within seven (7) days following entry of a final order of the Bankruptcy Court ("Approval Order") approving the terms of this Settlement Agreement, Mrs. Jensen shall cause the sum of Fifty-Five Thousand Dollars ($55,000.00) (the "Settlement Payment") to be paid to the Trustee. The Settlement Payment shall be made by check payable to the order of "Janet M. Meiburger, Trustee" and mailed or delivered to Janet M. Meiburger, Trustee, 1487 Chain Bridge Road, Suite 200, McLean, VA 22101.

2. <u>Consideration</u>. The Parties acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations, which, but for this Agreement, would not have been foregone or assumed. Accordingly, the Parties agree that this Agreement is fully and adequately supported by consideration and is fair and reasonable in all of its terms.

3. <u>Bankruptcy Court Approval Required</u>. The terms and conditions of this Agreement are subject to the entry of an Approval Order by the Bankruptcy Court in the Bankruptcy Case. Upon full execution of this Agreement, the Trustee shall promptly file a Motion in the Bankruptcy Case seeking entry of an Approval Order. The Parties shall use their best efforts to obtain Bankruptcy Court approval of this Agreement. Without limiting the foregoing, the Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

4. <u>No Admission of Liability</u>. This Agreement constitutes a compromise and settlement of issues which are in bona fide dispute. Nothing in this Agreement or otherwise related to this settlement and its negotiation, documentation and implementation is, nor shall be deemed to be, an admission of liability of any type by either of the Parties.

5. <u>Dismissal of the Adversary Proceeding with Prejudice</u>. Following entry of the Approval Order and full payment of the Settlement Sum, the Trustee shall cause the Adversary Proceeding to be

dismissed with prejudice. Mrs. Jensen, by and through her counsel, shall cooperate as necessary to ensure proper dismissal in accordance with the Federal Rules of Bankruptcy Procedure.

6. **Trustee Release.** In consideration of the Settlement Payment and the mutual promises and agreements set forth herein, upon the last to occur of (a) entry of the Approval Order and (b) receipt by the Trustee of the Settlement Payment, the Trustee, on behalf of the Debtor's bankruptcy estate, hereby releases, acquits and forever discharges Mrs. Jensen from any and all liabilities, claims, suits, debts, liens, losses, causes of action, demands, rights, damages, costs and expenses, arising from or in connection with the Avoidance Claims asserted by the Trustee in the Adversary Proceeding. This release shall not include and does not affect Mrs. Jensen's obligations to the Trustee pursuant to this Agreement.

7. **Mrs. Jensen Release.** In consideration of the mutual promises and agreements set forth herein, effective upon entry of the Approval Order, Mrs. Jensen hereby releases, acquits and forever discharges the Trustee, the Debtor's bankruptcy estate, and their respective agents, attorneys, and accountants, from any and all liabilities, claims, suits, debts, liens, losses, causes of action, demands, rights, damages, costs and expenses, arising from or in connection with any of the facts and circumstances alleged by the Trustee in the Adversary Proceeding and from any claim that she may have under Section 502(h) of the Bankruptcy Code.

8. **Representations, Warranties and Related Covenants.** Each of the Parties represents and warrants that, in executing this Agreement and granting the releases provided herein, they do so with full knowledge of any and all rights, claims and defenses that any of them have against each other with respect to the matters set forth and released herein, that each of the Parties has received independent legal advice with respect to the matters set forth and released herein and with respect to the rights and asserted rights arising out of such matters, and that each of the Parties is entering into this Agreement and granting the releases herein of their own respective free will. Each of the Parties represents and warrants to the other Party that none of the debts, claims, obligations, damages, costs, attorney's fees, suits, demands, liabilities, actions, proceedings and causes of action that are being released in this Agreement (collectively, the "Released Claims") has been sold, transferred or assigned to any person or entity prior to the date hereof and that all such Released Claims, if and to the extent they exist, are owned by the respective Parties to this Agreement. Each of the Parties further covenants and agrees that they shall not cause or permit the assignment of any Released Claim. The Parties make no other representations and warranties except for those expressly provided herein.

9. **Counterparts.** This Agreement may be executed in counterparts, each of which, when read together with the signatures of those Parties signing other counterparts, shall be deemed a complete original copy. Delivery of an executed counterpart of a signature page to this Agreement via facsimile or email shall be as effective as delivery of a manually executed counterpart of this Agreement.

10. **Successor and Assigns.** This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the Parties hereto, their legal successors, agents, heirs, assigns, partners, directors, representatives, attorneys, shareholders, employees, affiliated corporations and business entities.

11. **Authority.** The individuals signing this Agreement on behalf of the Parties represent and warrant that they are duly authorized and fully competent to do so; provided, however, that the Trustee's authority remains subject to approval of the Bankruptcy Court. The Trustee is entering into this Agreement solely in her capacity as the Chapter 7 Trustee of the Debtor's bankruptcy estate, and not in her personal capacity. The Trustee shall have no personal liability under or in connection with this Agreement.

12. **No Third-Party Beneficiaries.** Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party in interest that is not a party to this Agreement.

13. **Interpretation.** Each of the Parties acknowledges and agrees that they have been given the opportunity to independently review this Agreement with legal counsel and have the requisite experience and sophistication to understand, interpret, and agree to the particular language of the provisions hereof. This Agreement shall be deemed to have been drafted jointly by the Parties and shall be construed accordingly, and no provision hereof shall be construed or interpreted for or against either of the Parties.

14. **Construction and Headings.** In giving meaning to this Agreement, the singular shall be held to include the plural, and the plural shall be held to include the singular. Headings contained in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

15. **Advice of Counsel.** Each Party to this Agreement acknowledges and represents that they are executing this Agreement after having received full legal advice from counsel of their choice. The undersigned certify that they have read the entirety of this Agreement, as well as any related documents referenced herein, and fully understand the terms and conditions of this settlement.

16. **Costs and Fees.** Each Party shall bear its own attorneys' fees, costs and expenses incurred in connection with the Adversary Proceeding and the claims therein resolved by this Agreement.

17. **Entire Agreement.** This Agreement represents the entire understanding and agreement between the Parties, and supersedes any and all other agreements, either oral or in writing, between the Parties hereto with respect to the subject matter hereof. The Parties stipulate and agree that no promise, warranty, representation, inducement or agreement, written or oral, not expressed or referred to in this Agreement, has been made and/or relied upon.

18. **Governing Law.** This Agreement shall in all respects be construed in accordance with the laws of the Commonwealth of Virginia applicable to contracts made and to be performed wholly within the Commonwealth of Virginia without reference to the choice of law principles of any jurisdiction. The Parties hereto irrevocably consent to the jurisdiction of the United States Bankruptcy Court and United States District Court for the Eastern District of Virginia, Alexandria Division, to the extent of subject matter jurisdiction, and hereby consent to final determination and entry of a final order by the Bankruptcy Court for the resolution of any dispute or controversy arising out of or relating to any interpretation, construction, performance, or breach of this Agreement.

19. **Modifications and Waivers.** This Agreement may not be modified or amended in any respect whatsoever, except by a writing signed by all of the Parties. No waiver of any provisions of this Agreement shall be valid unless in writing and signed by the Party against whom charged.

20. **Further Cooperation.** The Parties shall further cooperate with each other and execute any additional documents which are reasonable and necessary to achieve the settlement described herein.

21. **Time of the Essence.** Time is of the essence under this Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the dates set forth below.

DATED: February 13, 2025

_____
JANET M. MEIBURGER, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate of BV Management LLC, Case No. 22-10662-BFK

DATED: February 12, 2025

_____
DENA JENSEN

3