**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| _____ | ) | |
| In re: | ) | |
| Eric Jensen, | ) | **Case No. 23-10201-BFK** |
|     Debtor. | ) | **Chapter 7** |
| _____ | ) | |

**FIRST AND FINAL APPLICATION OF ROBERT M. MARINO, ESQ. AND**
**REDMON PEYTON & BRASWELL, LLP FOR COMPENSATION**

Robert M. Marino, Esq. and the law firm of Redmon Peyton & Braswell, LLP (collectively, the "Applicant" or "Counsel"), counsel to Janet M. Meiburger ("Meiburger" or "Trustee"), the Chapter 7 Trustee for Eric Jensen (the "Debtor"), respectfully files this *First and Final Application* seeking final approval of compensation for services rendered to the Trustee and costs incurred from June 17, 2024, through March 17, 2025, and in support thereof states as follows:

1.    <u>Background</u>. On February 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. The Trustee was appointed on or about February 9, 2023 (Docket No. 5) and continues to serve following the conclusion of the meeting of creditors, which was initially scheduled for March 16, 2023, and was continued to and conducted on April 13, 2023. On June 17, 2024, the Trustee filed an *Application* (Docket No. 45) (the "Employment Application") seeking to employ Applicant as special counsel to the Trustee for the purpose of recovering funds transferred to the Debtor's wife through deposits by the Debtor into various joint bank accounts maintained with his wife. By *Order* entered on July 9, 2024 (Docket No. 46) (the "Employment Order"), this Court approved the employment of Applicant as special counsel for the Trustee.

2.    <u>Compensation Requested</u>. As set forth in the detailed Invoices covering the period from June 17, 2024, through March 17, 2025, attached hereto as Exhibit A, the Applicant has incurred a total of $14,107.50 in fees for legal services rendered for and on behalf of the Trustee in this case, and filing fees, postage expenses and PACER costs of $374.26.

Robert M. Marino (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
(703) 684-5109 (fax)
rmmarino@rpb-law.com
Counsel to Janet M. Meiburger, Trustee

3.      <u>Summary of Timekeeper's Activity</u>.  The detailed timekeeper summaries are included in the Invoices which are attached as Exhibit A.  The fees represent a total of 29.70 hours for Robert M. Marino at the rate of $475/hour, which rate falls within the range of normal hourly rates charged by other bankruptcy counsel in these types of cases.

4.      <u>Prior Compensation</u>. There has been no prior compensation paid by the Trustee to Applicant in this case.

5.      <u>Description of Services Provided by Counsel.</u> Applicant's time was primarily directed to the following tasks:

a.      *Avoidance Claims*. The Debtor's *Schedules of Assets and Liabilities* (the "Schedules") reflected his ownership interest in five credit union accounts—two checking accounts and three savings accounts—at Apple Federal Credit Union ("Apple"). As of the Petition Date, two of the five accounts at Apple had an aggregate balance of approximately $229,000. While not expressly apparent from the *Schedules*, the Debtor subsequently asserted that each of the accounts was owned jointly with his wife, Dena Jensen ("Mrs. Jensen"), and that only one half of the aggregate amount in the accounts (approximately $114,500) belonged to the bankruptcy estate. According to a tracing analysis subsequently provided by the Debtor (i) the sum of approximately $204,500 (the "Debtor Deposits") was traceable to deposits originating from the Debtor's earnings and partnership distributions, and (ii) the sum of approximately $19,700 (the "Spousal Deposits") was traceable to deposits originating from Mrs. Jensen earnings. However, the Debtor and Mrs. Jensen contended that one half of the Debtor Deposits (approximately $102,700) (the "Transfer Deposits") belonged to Mrs. Jensen because they each owned one-half of the accounts at Apple; for the same reason, the Debtor and Mrs. Jensen contended that one-half of the Spousal Deposits (approximately $9,800) (the "Consideration Amount") belonged to the Debtor. Since the only consideration received by the Debtor from Mrs. Jensen for the Transfer Deposits was the Consideration Amount, the Trustee contended that the Debtor did not receive any consideration to the extent of approximately $92,900 (the "Net Transfer Deposits"). With this background, Counsel prepared and filed a Complaint against Mrs. Jensen, commencing Adversary Proceeding No. 24-01055-

BFK (the "Adversary Proceeding"), seeking to avoid and recover the Net Transfer Deposits as a fraudulent conveyance pursuant to sections 548(a) and 550(a)(1) of the Bankruptcy Code. In turn, Mrs. Jensen timely filed an answer in the Adversary Proceeding and asserted affirmative defenses to the Trustee's avoidance claims. After exchanging initial disclosures and discussing the scheduling of depositions, the parties engaged in arms' length negotiations which resulted in an agreement to settle the claims asserted in the Adversary Proceeding for the sum of $55,000 (the "Settlement Amount"). On February 13, 2025, Counsel filed a Motion (Docket No. 50) seeking to approve the settlement in the Debtor's bankruptcy case. By Order entered March 11, 2025, (Docket No. 52), the Court approved the settlement. The Trustee received payment of the Settlement Amount on or about March 14, 2025, and the Adversary Proceeding was dismissed with prejudice by Joint Stipulation of Dismissal filed on March 17, 2025. With respect to this category of activity, Applicant expended 27.60 hours of attorney time (valued at $13,110) and performed the following specific tasks (all of which are more particularly described in greater detail in the invoices submitted with this *First and Final Application*)—

      i.   Review background information relating to the issues described above, met with the Trustee, and performed and reviewed legal research regarding same;

     ii.   Prepared, revised, finalized, filed and served a complaint against Mrs. Jensen seeking to avoid and recover the Net Transfer Deposits as a fraudulent transfer pursuant to sections 548 and 550 of the Bankruptcy Code;

    iii.   Reviewed answer and affirmative defenses filed by Mrs. Jensen;

    iv.   Discussions with counsel for Mrs. Jensen re pretrial conference, scheduling issues;

     v.   Prepared for and attended pretrial conference;

    vi.   Prepared, revised and served initial disclosures;

   vii.   Conducted settlement discussions with counsel for Mrs. Jensen and reviewed same with Trustee;

  viii.   Reviewed strategy with respect to discovery, prepared correspondence to counsel for Mrs. Jensen and counsel for Debtor re scheduling depositions, prepared notices of deposition;

    ix.   Conducted further settlement discussions with counsel for Mrs. Jensen to finalize settlement following consultation with Trustee;

     x.   Prepared, revised, and finalized settlement agreement;

       xi.    Prepared, revised, circulated for review, finalized, filed and served pleadings to obtain approval of settlement with Mrs. Jensen to resolve pending adversary proceeding;

       xii.    Finalized order to approve settlement and submitted through BOPS;

       xiii.    Followed upon on entry of approval order with counsel for Mrs. Jensen, confirmed Trustee's receipt of payment, and finalized and filed a stipulation of dismissal in the pending adversary proceeding.

    b.    *Miscellaneous.* There were nominal miscellaneous tasks undertaken in the case, consisting primarily of the tasks associated with the preparation, filing, service, and granting of the *Employment Application* and entry of the *Employment Order*. Applicant spent 2.10 hours of attorney time (valued at $997.50) on these miscellaneous tasks.

    6.    <u>Settlement Adjustment</u>. Following discussions with the Trustee, Applicant has agreed to adjust its fees by the sum of $2,000 (a roughly 14% adjustment), reducing the total fees in this matter to $12,107.50.

    7.    <u>Customary Fees</u>.  Applicant believes that the requested fees represent the customary and usual fees charged in this District and Division. Applicant's rate of $475.00 per hour for Mr. Marino in this matter is consistent with rates charged by other attorneys in other bankruptcy matters pending before this Court and is also consistent with the hourly rate for the Trustee, when acting as her own counsel in this case. The hourly rate in this case is subject to final approval by the Court, but that rate has been accepted by the Trustee.

    8.    <u>Sufficient Funds on Hand in Estate</u>. Applicant has spoken with the Trustee and confirmed that the Trustee supports this Application being considered in advance of any final report filed in this case. Furthermore, the Trustee has advised Applicant that she has sufficient funds on hand to pay without difficulty all anticipated allowed administrative expenses incurred by Applicant, including the amounts reflected in this Application.

    WHEREFORE, Applicant respectfully requests that the Court enter an *Order* (i) allowing and approving on a final basis Applicant's current request for legal fees in the reduced amount of **$12,107.50** in fees and reimbursement of expenses of **$374.26**, (ii) authorizing payment of any approved fees and

expenses by the Trustee from the estate in advance of any final report filed in this case, and (iii) providing

such other and further relief as the Court deems just and proper.

Dated: March 27, 2025                    Respectfully submitted,
                                        /s/ Robert M. Marino
                                        Robert M. Marino (VSB #26076)
                                        REDMON, PEYTON & BRASWELL, LLP
                                        510 King Street, Suite 301
                                        Alexandria, VA  22314
                                        (703) 879-2676 (Direct)
                                        (703) 684-5109 (fax)
                                        Counsel to Janet M. Meiburger, Trustee

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2025, I caused a copy of the foregoing *First and Final Fee Application* to be served by email and through the ECF system to the following persons:

                            Michael T. Freeman, Assistant United States Trustee
                              Office of the United States Trustee
                              Email: michael.t.freeman@usdoj.gov

                              Janet M. Meiburger, Trustee
                              Email: janetm@meiburgerlaw.com

and to all other creditors and parties in interest who have entered their appearance and receive notice in this case through the ECF filing system.

                                        /s/ Robert M. Marino
                                        Robert M. Marino